IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RICKEY THOMAS TERRY | § | |
| v. | § | CIVIL ACTION NO. 6:08cv182 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Rickey Terry, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Terry was convicted on his plea of guilty of the offense of driving while intoxicated, receiving a sentence of 35 years in prison. He took a direct appeal, which was dismissed as untimely, and sought state habeas corpus relief, which was denied after an evidentiary hearing.

In his federal habeas petition, Terry complains that the enhancement of his sentence was unlawful, the evidence was factually and legally insufficient to support a conviction, there was no evidence to support a conviction, he received ineffective assistance of counsel, and he did not receive credit for the time spent in jail. The Magistrate Judge ordered the Respondent to answer the petition and received a copy of the state court records. Terry filed a response to the answer.

After review of the pleadings, the Magistrate Judge issued a Report discussing each of Terry's grounds for relief and recommending that the petition be denied. Terry filed objections to the Report, which objections focus on his claim that he received ineffective assistance of counsel.

Terry argues first in his objections that his plea of guilty was involuntary because his attorney, Hunter Brush, failed to advise him of the law and failed to advise him that he could

1

successfully challenge the charge as a matter of law because when the police officer saw him, he was not intoxicated while operating a vehicle in a public place. Instead, he says, he was found on the ground, in a public place, beside a vehicle that had already been "operated into a ditch." The police officer's report says that Terry told him that he, Terry, had "run off the road while looking for his cell phone." This report also indicates that Terry blew a 0.349 on the portable breath meter, an assertion which Terry denies.

In an undated affidavit attached to his objections, Terry says that he told Brush that he had been a passenger in the car with a girl named "Jodi," whose last name he did not know, and that Jodi had run the car into the ditch, taken the car keys, and gone for help. However, Brush responded that "no judge or jury would believe that story." This claim is raised for the first time in Terry's objections; he made no mention of "Jodi" in his original petition or in his state habeas proceeding, although he did say in his state habeas petition that "Petitioner did offer a valid explanation as to how the vehicle came to be in the ditch, in fact Petitioner gave three (3) valid explanations."[1]

Terry has failed to show that he had a valid defense to the charge of driving while intoxicated which Brush should have raised but did not. The record shows that the police were called to the scene of a one-car accident to find Terry on the ground, in a clearly intoxicated state, next to the car. This is ample evidence, albeit circumstantial, to support a conviction. Given the shifting explanations provided by Terry as to how the car came to be in the ditch, he has not shown that Brush rendered ineffective assistance of counsel by advising him against taking the case to trial and risking a potential life sentence. His claim on this point is without merit.

Nor has Terry shown that Brush provided ineffective assistance of counsel by failing to investigate. The Fifth Circuit has held that adequate investigation is a requisite of effective assistance. Gray v. Lucas, 677 F.2d 1086, 1093 (5th Cir. 1982). To establish a constitutional violation, however, a defendant must show both a failure to investigate adequately and prejudice

---

[1] According to the police report, Terry first said that he had been reaching for his cell phone and went into the ditch; he then said that he had not been driving, but that a man named "Joe" had been driving; he then said that a lady named "Jodi" had been driving.

arising from that failure.  Gray, 677 F.2d at 1093.  A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.  U.S. v. Green, 882 F.2d 999, 1003 (5th Cir. 1989).

Terry says that had Brush investigated the case, he would have discovered that the Department of Public Safety property inventory did not contain any car keys, which Terry says supports his story that he had not been driving.  The inventory form furnished by Terry says that "misc papers" were found in various locations in the car and that "misc tools" were found in the trunk.

This inventory form shows nothing more than that no car keys were found in the car when Terry was arrested; it does not show that he had not been driving the car, particularly in light of the fact that he was outside of the car when the police officers arrived.  Terry has not pointed to any witnesses whom Brush should have interviewed but did not, nor to any evidence which Brush could have gathered.  He does not allege that Brush could have located "Jodi" even had he searched for her, nor that "Jodi" would have testified at trial.  This contention is without merit.

Next, Terry complains that the police report says that he blew a 0.349, while he asserts that he refused to take a breath test at all; as evidence of this, he points to a form letter which he received from the Texas Department of Public Safety, saying that his license had been suspended because of a refusal to take a breath or blood test.  Even had Brush investigated, and even had he discovered that Terry had in fact refused the breath test, there was still ample evidence, albeit circumstantial, to support a conviction.  Terry has failed to show that Brush rendered ineffective assistance of counsel in this regard.

Terry says that there is "no logical reason" why Brush did not take him to a jury trial, as he says that he requested.  During his appearance in court, Terry testified that he understood that he was waiving his right to the a jury trial and that this is what he wanted to do.  The evidence shows that the State had a relatively strong case and that Terry was facing a punishment range of 25 years to life

in prison, and so a plea agreement for a sentence close to the lower end of that range does not represent performance by counsel so deficient that it fell below an objective standard of reasonable competence. Furthermore, as the Magistrate Judge observed, mere allegations from a petitioner that he would have demanded a trial if counsel's advice had been different are insufficient to establish a reasonable probability that he would have actually done so. Joseph v. Butler, 838 F.2d 786, 791 (5th Cir. 1988). Terry's objections on this point are without merit.

Terry says that he went to trial only a few days after falling in the jail and hitting his head, and that he was incompetent to stand trial because of his head injury. The state habeas court found as a fact that "at all times during the defendant's trial and sentencing, the defendant was alert, coherent, and responsive," a fact which is confirmed by the transcript of the proceeding. The Magistrate Judge correctly concluded that Terry wholly failed to present sufficient probative evidence to raise doubts about his mental capacity to participate and cooperate with counsel during the trial. The fact that Terry asked for a lower sentence in open court after being told that the range was 25 years to life does not show that he was incompetent to stand trial. Terry's objection on this point is without merit.

Finally, Terry says that he has suffered prejudice because Brush could have filed a pre-trial motion to dismiss on the ground that Terry had not been operating a motor vehicle and Brush could have shown that the allegation that he had blown a 0.349 on the breathalyzer was incorrect. As noted above, a pre-trial motion on the ground which Terry urges would have had little or no likelihood of success, and a showing that the officer's report had been incorrect would not vitiate the remainder of the evidence against him, which was more than ample to support a conviction. As the Magistrate Judge stated, the fact that the police officer did not actually witness Terry driving the car would not preclude a conviction for driving while intoxicated. *See* Vaughn v. State, slip op. no. 05-05-1313-CR (Tex.App.-Dallas, July 18, 2006, pet. ref'd) (available on WESTLAW at 2006 WL 1985968) (evidence was sufficient to support a conviction for driving while intoxicated even where no keys were found in the ignition and no witness actually saw the appellant driving the car); Sheldon v.

4

State, slip op. no. 06-08-0005-CR (Tex.App.-Texarkana, June 13, 2008, no pet.) (circumstantial evidence that appellant had been driving the car held sufficient to support the conviction for driving while intoxicated). Terry's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition and memoranda in support, the answer of the Respondent, the Petitioner's response thereto, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Rickey Terry is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 16th day of March, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**